C. S. MITCHELL v. JAMES L. LOVE, ADMR. OF D. H. LOVE.

1. In a suit to set aside an award, it is the proper practice to submit to the jury the question whether the award should be sustained, with instructions upon the law governing awards.

2. See this case for instructions held to be correct as to the law governing awards.

APPEAL from Navarro. Tried below before the Hon. John B. Rector.

This was a proceeding brought by D. H. Love to enjoin and set aside an award of arbitrators made upon matters of difference between him and C. S. Mitchell, for alleged mistake in matters of law and fact in the award of the arbitrators.

The evidence was conflicting, and the court instructed the jury:

1. "That if they find from the evidence that Mitchell and D. H. Love agreed to arbitrate the matters of difference existing between them, and in pursuance of that agreement chose arbitrators, who, acting within their authority and the terms of submission, after a full and fair hearing of the parties, honestly decided the matters in dispute between them, then their award must stand, unless you find that gross mistake entered into the award, which worked flagrant injustice to D. H. Love.

2. "If, under the above instruction, you find that there was an award honestly made by the arbitrators that approximates what is just and right between the parties, under the evidence that was adduced before the arbitrators, or that might have been introduced before them under the agreement to arbitrate, then you will not set aside the award, if you find that certain items in favor of Mitchell were included in making the award which should have been excluded, or that certain items in favor of Love were excluded which should have been allowed in making up the award.

3. "Awards are to be liberally and favorably construed, and mere technical objections to them are not to be countenanced. And if you find that an award was honestly made within the terms of the submission, then it devolves upon Love by clear and convincing evidence to satisfy you that there was a gross mistake in the award.

4. "You are not here to strike a balance on the accounts of Mitchell and Love, but the point and object of all the evidence touching the claim of Mitchell against Love is whether, putting yourselves in the position of the arbitrators, you find that they, acting under the terms of the submission and with the lights before them, committed a gross mistake by finding an excessive verdict against Love."

*D. M. Prendergast* and *Moore & Shelley*, for appellant, cited Russell on Arbitrators, 245 ; 14 Peters, 494.

No counsel for appellee.

OGDEN, P. J.—In the spring of 1865 James Mitchell delivered to D. H. Love about $9000 worth of goods and merchandise, to be sold on commission. The parties being unable to agree upon a final settlement, submitted, in writing, their matters in dispute to arbitration. In the agreement to arbitrate they and each of them bound themselves to abide the award, without the right to appeal. And it being supposed by both parties that the award of the arbitrators would bring Love in debt to Mitchell, the former conveyed to Walker, as trustee, certain property to secure the fulfillment of the award and to pay all sums found to be due. The arbitration was had and the award rendered, which found for Mitchell the sum of $4100. In 1866 D. H. Love brought this suit by injunction to restrain Walker, the trustee, from selling the trust property to satisfy the award, alleging mistake of law and fact by the arbitrators and great injustice in the award, and prayed a decree setting aside the award and for equities, etc.

On the trial the injunction was dissolved, and the court submitted to the jury the simple question whether the award should be sustained or not. The verdict of the jury was in favor of the award, and a judgment was en-

tered for that amount and interest. Love having departed this life before the rendition of the judgment of the District Court, his administrator, J. S. Love, has brought the cause here by appeal; and assigns errors in the charge given to the jury, and in the refusal to give the charges asked by appellant.

We think the main issue presented in the pleadings and evidence was submitted to the jury by the charge of the court. If the award had been legal and binding, then the court had no further jurisdiction of the matter, excepting to enforce the same, and therefore the jury were required to first find whether the award should be sustained or not, and in order to aid them in coming to a correct conclusion on that question the court instructed the jury upon the most material points of the law in regard to awards.

We think the instructions given in this respect were well calculated to give the jury a correct idea of the law governing awards, as well as their duty in regard to the case before them. The instructions asked and refused may be correct propositions of law, but they were not applicable to the material facts presented by the pleadings and evidence.

We have been unable to discover any error in the charges or rulings of the court which requires a reversal of the judgment, and it is affirmed.

AFFIRMED.